IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YNDIA BREAUX,                          §
                    Plaintiff,          §
                                        §
        V.                              §
                                        §        No.3:21-cv-1718-M-BN
                                        §
ARAMARK UNIFORM & CAREER                §
APPAREL LLC,                            §
                    Defendant.          §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Aramark Uniform & Career Apparel LLC has filed a Motion to Compel, or Alternatively, to Dismiss Plaintiff's Complaint for Lack of Prosecution. *See* Dkt. No. 28.

In that motion, Defendant "moves this Court to compel Plaintiff [Yndia Breaux] to serve complete and verified answers to Aramark's interrogatories, produce all documents responsive to Aramark's document requests, and to make herself available to testify in person (or virtually) for her deposition within fourteen (14) calendar days from the date on which Plaintiff serves her complete discovery responses or that, "[a]lternatively, Plaintiff's claims should be dismissed as Plaintiff has failed to prosecute her case and has repeatedly refused to comply with her obligations under the Federal Rules of Civil Procedure" and therefore moves pursuant to Rule 41(b) to dismiss the Complaint in its entirety with prejudice." *Id.* at 1-2.

Plaintiff Yndia Breaux has not responded to the motion and failed to appear for oral argument on the motion and a status conference on the case on August 22,

2022 and failed to file a response, as required, to an August 22, 2022 Order to Show

Cause [Dkt. No. 35].

## Background

As Defendant's motion explains,

> Plaintiff filed her Complaint in this matter on June 30, 2021, in the
> Dallas County Court of Law. The case was removed to the United States
> District Court for the Northern District of Texas on July 23, 2021. On
> October 5, 2021, this Court entered a scheduling order [Dkt. 10] setting
> forth case management deadlines. Among those deadlines was a July
> 26, 2022 discovery deadline, and a dispositive motion deadline of August
> 26, 2022.
>
> Defendant propounded its first set written discovery upon
> Plaintiff's counsel on February 25, 2022. A copy of Defendant's First Set
> of Interrogatories and First Requests for Production are attached hereto
> as Exhibits "A" and "B" respectively. To date, no response has been
> received to those discovery requests.
>
> On April 8, 2022, counsel for Plaintiff informed Aramark's
> counsel that he was withdrawing from his representation of Plaintiff,
> and requested an extension of time until May 8, 2022 to respond to
> discovery. See e-mail attached hereto as Exhibit "C." On April 21, 2022,
> counsel's unopposed Motion to Withdraw as counsel was granted. [Dkt.
> 17]
>
> Since that date, Plaintiff has ceased participating in this case.
> She failed to appear for the June 9, 2022, telephonic status conference
> [Dkt. 23] with the Court, and mail to Plaintiff, including a request to
> respond to discovery has been returned as undeliverable. [Dkts. 25-27]

Dkt. No. 29 at 1-2.

After Defendant filed the motion, Plaintiff did appear for and participate in an

in-person settlement conference with United States Magistrate Judge Hal Ray on

August 9, 2022. *See* Dkt. No. 30.

The Court then entered an order setting oral argument on Defendant's pending

motion and a status conference for August 22, 2022:

The Court will hold oral argument on Defendant's Motion to Compel, or Alternatively, to Dismiss Plaintiff's Complaint for Lack of Prosecution [Dkt. No. 28] on **Monday, August 22, 2022 at 2:00 p.m.**

The oral argument will be held in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242 before United States Magistrate Judge David L. Horan.

The Court ORDERS Plaintiff Yndia Breaux and Defendant Aramark Uniform & Career Apparel, LLC's counsel to personally appear for and participate in this oral argument.

Ms. Breaux and Defendant's counsel should also be prepared to discuss the progress of this case since the Court permitted Ms. Breaux's counsel to withdraw and how the case can be efficiently and effectively managed going forward.

Counsel and Ms. Breaux are advised that they must comply with the requirements set out in N.D. Tex. Fifth Amended Special Order No. 13-12 (a copy of which is attached to this Order Setting Oral Argument), including wearing face coverings throughout their time in the building and in the courtroom before and during oral argument.

Failure to comply with this Order Setting Oral Argument may result in sanctions, including dismissal, under Federal Rules of Civil Procedure 16(f) or 41(b).

The Clerk of the Court is directed to serve a copy of this Order Setting Oral Argument (and the attached copy of Fifth Amended Special Order No. 13-12) by mail and by email to Plaintiff Yndia Breaux at the addresses that she provided to United States Magistrate Judge Hal Ray during the August 9, 2022 settlement conference: 1990 Jim Harry Loop, Sunset, TX 76270 and yndibreaux@gmail.com.

Dkt. No. 32 at 1-2.

The Court wanted until 2:15 p.m. on August 22, 2022 to begin the oral argument and status conference, but Ms. Breaux did not appear or otherwise communicate with the Court or its personnel.

At the status conference, Defendant's counsel reported that Ms. Breaux still has not responded to Defendant's discovery requests and that the only communication that Defendant's counsel had had with Ms. Breaux since the August 9, 2022 settlement conference was an email that she sent reporting that she was in

the process of hiring a new attorney to represent her.

No new counsel has appeared in the case on Plaintiff's behalf.

On August 22, 2022, the undersigned entered an Order to Show Cause, which explained that, "[b]y not participating in discovery, responding to Defendant's Motion to Compel, or Alternatively, to Dismiss Plaintiff's Complaint for Lack of Prosecution [Dkt. No. 28],, or appearing for oral argument, Ms. Breaux has prevented this action from proceeding and has thus failed to prosecute this lawsuit" and which ordered "Ms, Breaux to file – by **September 9, 2022** – a response, in writing, explaining why the Court should not determine that a Rule 41(b) dismissal of this lawsuit is warranted under these circumstances – and exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action under Rule 41(b) – and to explain why lesser sanctions would be futile, where the Court is not required to delay the disposition of this case until such time as Ms. Breaux decides to obey the Court's orders or contact the Court." Dkt. No. 35 at 6-7. The Order to Show Cause also warned that "[f]ailure to comply with this Order to Show Cause may result in sanctions, including dismissal, under Federal Rules of Civil Procedure 16(f) or 41(b)." *Id.* at 8.

As of September 15, 2022, Ms. Breaux has not filed any response.

## Legal Standards

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*,

754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d

168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.

Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice
> are usually appropriate before dismissing with prejudice, ... a Rule 41(b)
> dismissal [with prejudice] is appropriate where there is 'a clear record
> of delay or contumacious conduct by the plaintiff and when lesser
> sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*,

757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with

prejudice is appropriate only if the failure to comply with the court order was the

result of purposeful delay or contumacious conduct and the imposition of lesser

sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser

sanctions" may "'include assessments of fines, costs, or damages against the plaintiff,

conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting

*Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

> A dismissal with prejudice is improper unless the case history evidences
> both "(1) a clear record of delay or contumacious conduct by the plaintiff,
> and (2) that a lesser sanction would not better serve the best interests
> of justice." A petitioner's delay meriting a Rule 41(b) dismissal with
> prejudice "must be longer than just a few months; instead, the delay
> must be characterized by significant periods of total inactivity." A
> party's negligence does not make conduct contumacious; rather, "it is
> the stubborn resistance to authority which justifies a dismissal with
> prejudice."

*Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir.

July 1, 2022) (per curiam) (quoting *McNeal v. Papasan*, 842 F.2d 787, 790, 791 (5th Cir. 1988), then *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)).

And "[w]hen a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

### Analysis

By not participating in discovery, responding to Defendant's Motion to Compel, or Alternatively, to Dismiss Plaintiff's Complaint for Lack of Prosecution [Dkt. No. 28], appearing for oral argument, or responding to the Order to Show Cause, Ms. Breaux has prevented this action from proceeding and has thus failed to prosecute this lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances. Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Ms. Breaux decides to obey the Court's orders or contact the Court, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b).

It appears that that dismissal of this lawsuit without prejudice at this stage

could effectively be a dismissal with prejudice insofar as a statute of limitations might prevent Ms. Breaux's refiling some or all of her claims. And the Court recognizes that delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity," *McNeal*, 842 F.2d at 791 (cleaned up).

But, apart from filing an amended complaint, having her lawyer withdraw, and appearing for the August 9 settlement conference, Ms. Breaux's conduct in this case (filed in June 2021) demonstrates nothing but significant periods of total inactivity – including, since her counsel's withdrawal in April 2021, Ms. Breaux's "personal contribution to the delay" and Defendant's "actual prejudice because of the delay," *id.* at 790, where it "has been unable to gather the necessary evidence required to build its defense and has been prejudiced by Plaintiff's non-participation in this case," Dkt. No. 29 at 2.

And, insofar as this dismissal may somehow prejudice Ms. Breaux, the August 22, 2022 Order to Show Cause and warning served as a lesser sanction and afford notice and the opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See McNeal*, 842 F.2d at 793 ("In *Rogers*, we suggested that '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.' 669 F.2d at 321-22.").

And these findings, conclusions, and recommendation provide Ms. Breaux with additional notice, and Ms. Breaux is being afforded, through the opportunity to file objections (further explained below), another opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *Cf. Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should grant Defendant Aramark Uniform & Career Apparel LLC's Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution [Dkt. No. 28] and dismiss this action under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is directed to serve a copy of these findings, conclusions, and recommendation by mail and by email to Plaintiff Yndia Breaux at the addresses that she provided to United States Magistrate Judge Hal Ray during the August 9, 2022 settlement conference: 1990 Jim Harry Loop, Sunset, TX   76270 and yndibreaux@gmail.com.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-